1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  DAVID WILKES,                                    )   No. C 12-0090 LHK (PR)
                                                     )
12                  Plaintiff,                       )   ORDER OF PARTIAL
                                                     )   DISMISSAL; ORDER OF
13    v.                                             )   SERVICE; DIRECTING
                                                     )   DEFENDANTS TO FILE
14  CHIEF MAGNUS, RICHMOND POLICE                    )   DISPOSITIVE MOTION OR
    DEPARTMENT, et al.,                              )   NOTICE REGARDING SUCH
15                                                   )   MOTION
                    Defendants.                      )
16  _____ )

17
18          Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under

19  42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a separate

    order.  For the reasons stated below, the Court dismisses the complaint in part, and orders
20
    service.
21
                                          **BACKGROUND**
22
            According to the complaint, on August 21, 2011, Richmond Police Officer Brown
23
    detained Plaintiff for "no good reason" and began kicking and beating him.  Richmond Police
24
    Officer K. Tong joined Officer Brown, and began using his taser on Plaintiff while Plaintiff was
25
    already on the ground.
26

27

28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Wilkes090srv.wpd

**DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B.    Legal Claims

Liberally construed, Plaintiff states a cognizable claim of excessive force against Defendants Brown and Tong.  Plaintiff has also alleged a cognizable claim that Defendant Brown unlawfully seized him, in violation of the Fourth Amendment.

Plaintiff also alleges that Defendant Chief Magnus is liable as a supervisor.  A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).  Supervisory defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-52 (2009) (noting no vicarious liability under Section 1983 or *Bivens* actions).  So it is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a *specific* policy" or "a *specific* event" instigated by them that led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in original).  Here, Plaintiff provides only conclusory allegations against Defendant Chief Magnus.  Accordingly, Defendant Chief Magnus is DISMISSED with leave to amend if Plaintiff can allege the necessary specifics. *See id.*

1    Plaintiff also alleges that Defendant Don Casimere, the Confidential Investigative and

2 Appeals Officer, used his public position to cover-up crimes which, in turn, violated state and

3 federal laws.  However, even at the pleading stage, "[a] plaintiff must allege facts, not simply

4 conclusions, that show that an individual was personally involved in the deprivation of his civil

5 rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The federal rules require

6 brevity in pleading, but a complaint must be sufficient to give the defendants "fair notice" of the

7 claim and the "grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

8 (citations omitted).  Plaintiff's claim against Defendant Don Casimere is insufficient.  "[A]

9 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

10 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

11 do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."

12 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  Thus,

13 Defendant Don Casimere is DISMISSED with leave to amend if Plaintiff believes in good faith

14 that he can cure the deficiency.

15    Plaintiff's claims that the Defendants violated his rights under the Equal Protection

16 Clause are conclusory and, in their present state, fail to state a cognizable claim for relief.  A

17 plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other

18 suspect classification must plead intentional unlawful discrimination or allege facts that are at

19 least susceptible of an inference of discriminatory intent.  *Monteiro v. Tempe Union High School*

20 *Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).  To state a claim for relief, Plaintiff must allege that a

21 defendant state actor acted at least in part because of Plaintiff's membership in a protected class.

22 *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  Plaintiff makes no such allegations

23 here.  Thus, the equal protection claim is DISMISSED with leave to amend.  Because district

24 courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in

25 their complaints, s*ee Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), if

26 Plaintiff believes that he can state a cognizable violation of his right under the Equal Protection

27 Clause, he shall file an amended complaint.

28    Plaintiff also lists "Doe" Defendants.  Although the use of "John Doe" to identify a

1    defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th

2    Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior

3    to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity

4    through discovery to identify the unknown defendants, unless it is clear that discovery would not

5    uncover their identities or that the complaint should be dismissed on other grounds.  *See id.*

6    Should Plaintiff discover the identities of the Doe Defendants, he may move to amend his

7    complaint to include them in this action at a later date.

8          Finally, Plaintiff names Tazor International, Inc. as a Defendant.  He alleges that the

9    company violated his federal constitutional rights by placing an "unregulated pain device" in

10   Northern California, without any regulations in place.  However, Plaintiff has failed to allege

11   that Tazor International, Inc. is an organization acting under the color of state law.  A person or

12   organization acts under color of state law if he "exercise[s] power possessed by virtue of state

13   law and made possible only because the wrongdoer is clothed with the authority of state law."

14   *West v. Atkins*, 487 U.S. at 49 (citation and internal quotation marks omitted).  Generally, a

15   public employee acts under color of state law while acting in his official capacity or while

16   exercising his responsibilities pursuant to state law.  *See Johnson v. Knowles*, 113 F.3d 1114,

17   1117 (9th Cir. 1997).  A private individual or organization does not act under color of state law,

18   an essential element of a Section 1983 action.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

19   Purely private conduct, no matter how wrongful, is not covered under Section 1983.  *See Ouzts*

20   *v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).  Simply put: there is no right to be

21   free from the infliction of constitutional deprivations by private actors.  *See Van Ort v. Estate of*

22   *Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).  However, Plaintiff will be given an opportunity to

23   amend his complaint, and set forth facts sufficient to demonstrate that Tazor International, Inc.

24   was acting under the color of state law, if he can do so in good faith.

25         In his amended complaint, Plaintiff must "set forth specific facts" regarding what each

26   Defendant did, or did not do, that violated his federal constitutional rights.  *Leer v. Murphy*, 844

27   F.2d 628, 634 (9th Cir. 1988).

28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Wilkes090srv.wpd                    4

**CONCLUSION**

1.     Defendants Chief Magnus, Don Casimere, and Tazor International, Inc. are DISMISSED WITH LEAVE TO AMEND.  Plaintiff's equal protection claim is DISMISSED WITH LEAVE TO AMEND.  If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (C 12-0090 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in the Court proceeding only with the excessive force, unlawful seizure, and state law claims.**

Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Officer K. Tong, #1377, and Officer Brown** at **Pelican Bay State Prison.**

The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the City Attorney's Office in Richmond, California.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver

form.  If service is waived, this action will proceed as if Defendants had been served on the date

that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

was sent.  (This allows a longer time to respond than would be required if formal service of

summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

waiver form that more completely describes the duties of the parties with regard to waiver of

service of the summons.  If service is waived after the date provided in the Notice but before

Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

filed, whichever is later.

      4.     No later than **ninety (90) days** from the date of this order, Defendants shall file a

motion for summary judgment or other dispositive motion with respect to the cognizable claims

in the complaint.

          a.     If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

F.3d 1108, 1119-20 (9th Cir. 2003).

          b.     Any motion for summary judgment shall be supported by adequate factual

documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

**qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

**that this case cannot be resolved by summary judgment, they shall so inform the Court**

**prior to the date the summary judgment motion is due.**

      5.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

filed.

          a.     In the event Defendants file an unenumerated motion to dismiss under

Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

        The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

        The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

        Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

        6.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1    7.    The motion shall be deemed submitted as of the date the reply brief is due.  No

2   hearing will be held on the motion unless the Court so orders at a later date.

3    8.    All communications by the Plaintiff with the Court must be served on Defendants

4   or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

5   counsel.

6    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

7   No further Court order is required before the parties may conduct discovery.

8    10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

9   and all parties informed of any change of address and must comply with the Court's orders in a

10   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

11   pursuant to Federal Rule of Civil Procedure 41(b).

12    IT IS SO ORDERED.

13   DATED:  __6/22/12__

14   _____
     LUCY H. KOH
     United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.12\Wilkes090srv.wpd      8