IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WILKES, ) | No. C 12-0090 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER OF PARTIAL |
| ) | DISMISSAL; ORDER OF |
| v. ) | SERVICE; DIRECTING |
| ) | DEFENDANTS TO FILE |
| CHIEF MAGNUS, RICHMOND POLICE ) | DISPOSITIVE MOTION OR |
| DEPARTMENT, et al., ) | NOTICE REGARDING SUCH |
| ) | MOTION |
| Defendants. ) | |
| ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights action under 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses the amended complaint in part, and orders service.

**BACKGROUND**

According to the amended complaint, on August 21, 2011, Richmond Police Officer Brown detained Plaintiff and began kicking and beating him. Richmond Police Officer K. Tong joined Officer Brown, and began using his taser on Plaintiff even though Plaintiff was already on the ground. Plaintiff's amended complaint avers that the City of Richmond Police Department's policy regarding taser abuse was insufficient and permitted complaints about tasering to go unresolved. Plaintiff also alleges that the Chief of Police violated the Department's own policies

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Wilkes090srv2.wpd

and procedures regarding the use of tasers.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B. <u>Legal Claims</u>

Liberally construed, Plaintiff states a cognizable claim of excessive force against Defendants Brown and Tong. Plaintiff has also alleged a cognizable claim that Defendant Brown unlawfully seized him, in violation of the Fourth Amendment. Plaintiff has also alleged a cognizable claim for supervisory liability against Defendant Chief Magnus, and municipal liability against the City of Richmond.

To the extent that Plaintiff alleges the Mayor was liable for approving an ordinance that used federal monies to purchase tasers, that claim is DISMISSED. It is well established that legislators are entitled to absolute immunity from civil liability for their legislative functions. *See Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998). This absolute immunity extends to local legislators. *See id.* at 972. It also protects them from injunctive as well as monetary relief. *See Supreme Court v. Consumers Union*, 446 U.S. 719, 731-34 (1980). According, the Mayor is immune from liability, and is DISMISSED with prejudice.

Plaintiff also alleges that Defendants Deputy Chief Brown, Lt. Dave Harris, IA Sgt. N. Walle, Sgt. Ducharme, CSI Johnson all helped to cover up data and hide witnesses and video footage of the tasering. However, as the Court warned Plaintiff before, even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff's claim against these Defendants is insufficient. "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). Plaintiff merely proffers that he saw a memo from August 2011 that was "signed off by" these Defendants. (Am. Compl. at 5.) The memo was authored by Deputy Chief Brown, and it instructed "go to location and retrieve video footage." (*Id.*) From this statement, Plaintiff infers that the direction was to "conceal evidence." Plaintiff has not provided enough facts to raise this allegation above the speculative level. Further, a police officer's failure to preserve or collect potential exculpatory evidence does not violate the Due Process Clause unless the officer acted in bad faith. *See Cunningham v. Perez*, 345 F.3d 802, 812 (9th Cir. 2003) (while officer's investigative work may have been negligent or incomplete, it was not conducted in bad faith and plaintiff did not allege specific, nonconclusory facts showing officer engaged in conscious effort to suppress exculpatory evidence) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Thus, Defendants Deputy Chief Brown, Lt. Dave Harris, IA Sgt. N. Walle, Sgt. Ducharme, CSI Johnson are DISMISSED with leave to amend if Plaintiff believes in good faith that he can cure the deficiency.

Finally, Plaintiff again names Taser International, Inc. as a Defendant. The Court previously warned Plaintiff that in an amended complaint, Plaintiff must set forth facts sufficient to demonstrate that Taser International, Inc. was acting under the color of state law in order to sustain a civil rights claim against the company. Plaintiff has not done so. Accordingly, Taser International, Inc. is DISMISSED with prejudice.

C.  Motion for Removal / Preliminary Injunction

Plaintiff requests removal under 28 U.S.C. § 1443 to federal court. That motion is DENIED because Plaintiff is already suing in federal court, and because removal must be

initiated by a Defendant. Plaintiff also requests a preliminary injunction, although the Court is not clear upon what grounds Plaintiff seeks such relief. Nonetheless, the motion is DENIED without prejudice. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Here, none of the Defendants have yet been served, and thus, the motion is premature.

## CONCLUSION

1.  Plaintiff's motion for removal / preliminary injunction is DENIED.

2.  Defendants Mayor Gayle McLaughlin and Taser International are DISMISSED with prejudice. Defendants Deputy Chief Brown, Lt. Dave Harris, IA Sgt. N. Walle, Sgt. Ducharme, CSI Johnson are DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The second amended complaint must include the caption and civil case number used in this order (C 12-0090 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in the Court proceeding only with the cognizable claims as found in this Order.**

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

1  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended
2  complaint and all attachments thereto (docket no. 18), and a copy of this Order to the **City of**
3  **Richmond, City of Richmond Police Department, Police Chief Chris Magnus, Officer**
4  **Brown, and Officer K. Tong**.  The Clerk shall DISMISS Don Casimere, Deputy Chief Brown,
5  Lt. Dave Harris, Professional Standards Unit, Al Walles, Ducharme, and Johnson without
6  prejudice.  The Clerk shall also DISMISS Mayor Gayle McLaughlin and Taser International
7  with prejudice.
8       The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a
9  copy of this Order to Shannon Moore, Richmond City Attorney at 450 Civic Center Plaza,
10  Richmond, CA 94804 AND Noah Blechman, McNamara, Ney, Beatty, Slattery, Borges &
11  Ambacher at 1211 Newell Avenue, Walnut Creek, CA 94596.  Additionally, the Clerk shall mail
12  a copy of this Order to Plaintiff.
13       4.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
14  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
15  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
16  behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
17  the cost of such service unless good cause be shown for their failure to sign and return the waiver
18  form.  If service is waived, this action will proceed as if Defendants had been served on the date
19  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
20  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
21  was sent.  (This allows a longer time to respond than would be required if formal service of
22  summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
23  waiver form that more completely describes the duties of the parties with regard to waiver of
24  service of the summons.  If service is waived after the date provided in the Notice but before
25  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
26  on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
27  filed, whichever is later.
28

5. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

6. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

7. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

8. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

9. All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1  No further Court order is required before the parties may conduct discovery.

2      11.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
3  and all parties informed of any change of address and must comply with the Court's orders in a
4  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
5  pursuant to Federal Rule of Civil Procedure 41(b).

6      This order terminates docket number 19.

7      IT IS SO ORDERED.

8  DATED:  10/10/12

                        LUCY H. KOH
9                          United States District Judge