UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID GASTON WILKES,

    Plaintiff,

    v.

CHIEF MAGNUS, RICHMOND POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 12-cv-00090-JST (PR)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S DISCOVERY REQUESTS; SCHEDULING SUMMARY JUDGMENT; DIRECTIONS TO CLERK**

Re: Dkt. Nos. 34, 67, 68, 70

In this pro se civil rights action under 42 U.S.C. § 1983, plaintiff complains that he was subjected to excessive force by officers from the Richmond Police Department. Now before the Court is defendants' motion to dismiss. Plaintiff has filed an opposition, and defendants have filed a reply. For the reasons discussed below, the motion will be denied.

The Court also addresses herein various motions brought by plaintiff.

## FACTUAL BACKGROUND

On August 21, 2011, defendants Richmond Police Officers Brown and Tong approached plaintiff after a citizen reported that plaintiff was aggressively panhandling. Officers Brown and Tong detained plaintiff on the street. As they attempted to pat search plaintiff for weapons, plaintiff became assaultive and bit Officer Brown. Plaintiff alleges that Officer Brown then "slammed [plaintiff's] head into the pavement" and "started punching plaintiff in the face with a closed fist." Plaintiff further alleges that Officer Tong joined Officer Brown and began tasering plaintiff even though plaintiff was already on the ground and was fully compliant. Plaintiff claims the taser was used on him for over a minute, causing burns and chronic internal problems.

Based on the events leading to his arrest, plaintiff was charged with: (1) resisting arrest in violation of California Penal Code section 69; and (2) assault by means of force likely to cause great bodily injury on Officer Brown in violation of California Penal Code section 245(a)(1). (Decl. J.V. Fitzgerald Supp. Mot. to Dism. ("Fitzgerald Decl."), Ex. A.)[1]  Plaintiff was also charged with an enhancement for several prior felony convictions. (Id.)

On July 26, 2012, Contra Costa Superior Court Judge Judy Johnson held a preliminary hearing on the charges and found sufficient evidence to hold plaintiff over for trial. (Fitzgerald Decl. Ex. B.) On September 19, 2012, plaintiff pled no contest to felony violation of Penal Code section 69. (Fitzgerald Decl. Ex. C.) In exchange, the District Attorney's Office dismissed the charges under Penal Code section 245. (Id.) Plaintiff was convicted for a violation of Penal Code section 69 and was sentenced to two years in prison. (Fitzgerald Decl. Ex. D.)

In addition to alleging that Officers Brown and Tong used excessive force on him in the course of the arrest, plaintiff avers that the City of Richmond Police Department's policy regarding taser abuse was insufficient and permitted complaints about tasering to go unresolved. Plaintiff also alleges that the Chief of Police violated the Department's own policies and procedures regarding the use of tasers.

In its order of service, the Court found plaintiff had stated claims for: (1) excessive force against Officer Brown and Officer Tong; (2) unreasonable seizure against Officer Brown in violation of the Fourth Amendment[2]; (3) supervisory liability against defendant Police Chief

---

[1] Defendants ask the Court to take judicial notice of public records relating to the arrest. Because the certified copies of the felony complaint filed against plaintiff, a Clerk's Docket and Minutes from plaintiff's criminal case and the transcript of plaintiff's plea are not subject to reasonable dispute, the Court grants defendants' request for judicial notice of these documents. See Fed. R. Evid. 201.

[2] The constitutional right at issue when it is alleged that a law enforcement officer used excessive force in the course of an arrest or other seizure is the Fourth Amendment right to be free from "unreasonable . . . seizures." U.S. Const. amend. IV; see Graham v. Connor, 490 U.S. 386, 394 (1989). Such claims "should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." Graham, 490 U.S. at 395. Consequently, for purposes of this motion, the Court does not distinguish between plaintiff's excessive force and unlawful seizure claims.

Magnus; and (4) municipal liability against defendant City of Richmond.

## DISCUSSION

### I.  Defendants' Motion to Dismiss

#### A.  Legal Standard

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

#### B.  Analysis

Defendants move to dismiss on the grounds that: (1) pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), plaintiff's claims are barred as an impermissible collateral attack on his valid conviction; and (2) plaintiff's claims are barred under the doctrine of collateral estoppel.

##### 1.  Heck v. Humphrey

Defendants argue that plaintiff's excessive force and unlawful seizure claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that a plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she can prove that the conviction or sentence has been overturned, expunged or declared invalid. 512 U.S. at 486-87. The test is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Id. at 487.

As stated above, plaintiff pleaded no contest to a charge of violating California Penal Code

section 69,[3] which provides:

> Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment [in] jail not exceeding one year, or by both such fine and imprisonment.

A defendant cannot be convicted under section 69 "unless the officer was acting lawfully at the time the offense against the officer was committed." In re Manuel G., 16 Cal. 4th 805, 815 (1997). Defendants assert that, if plaintiff were to prevail on his excessive force and unlawful seizure claims, such result would entail a finding that defendant Officers Brown and Tong acted unlawfully, which would invalidate plaintiff's no contest plea.

A claim for use of excessive force during the course of an arrest may not necessarily imply the invalidity of the arrest or conviction and therefore may not be barred by Heck. See Smith v. City of Hemet, 394 F.3d 689, 696 (9th Cir. 2005) (en banc) (if police officers used excessive force after the acts of resistance upon which the conviction was based had ceased, Heck does not bar a § 1983 action for that use of excessive force). In Smith, defendant police officers attempted to apply the Heck bar to plaintiff's excessive force claims based on plaintiff's prior plea of no contest to resisting arrest under California Penal Code section 148(a)(1). The Ninth Circuit ruled that the defendants were not entitled to summary judgment under Heck because it was not clear from the record whether the plaintiff had plead guilty to resisting, delaying or obstructing the officers based upon his actions during his arrest (which would have triggered Heck ), or based upon his actions prior to his arrest when officers were attempting to conduct an investigation at Smith's house and had not yet attempted to detain him. Id. at 697-98. See also Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (A "conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'")

---

[3] In California, a plea of no contest has the same effect as a guilty plea or guilty verdict for the purposes of a Heck analysis. See Nuno v. County of San Bernardino, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999).

At this early stage, the record is not sufficiently developed for the Court to determine whether Heck bars plaintiff's claims. As in Smith, the record does not show whether the conduct for which plaintiff was charged coincided with Officer Brown's alleged use of force and/or Officer Tong's alleged use of the taser. If the two correspond, Heck would bar plaintiff's claims. Here, plaintiff's allegations, which must be taken as true on this motion, do not suggest that Officers Brown and Tong's alleged use of excessive force was necessarily part of a chain of events tied to plaintiff's obstructing Officer Brown in the performance of Officer Brown's duties. As stated above, plaintiff alleges that Officer Brown had already restrained him and that he was on the ground and complying with orders when Officer Tong used the taser. The actions Officer Brown used to restrain plaintiff could have broken the chain.

Consequently, on this motion, the Court does not conclude that Heck bars plaintiff's claims.

### 2. Collateral Estoppel

In the alternative, defendants argue that, under the doctrine of collateral estoppel, plaintiff's claims are barred by Judge Johnson's holding order in plaintiff's criminal case.

"State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990). In California,

> [c]ollateral estoppel precludes the relitigation of an issue only if (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding.

Zevnik v. Super. Ct., 159 Cal. App. 4th 76, 82 (2008) (citing Lucido v.Super. Ct., 51 Cal. 3d 335, 341 (1990)).

Defendants argue that Superior Court Judge Johnson, at plaintiff's criminal preliminary hearing, made a judicial determination that plaintiff had resisted and assaulted defendant officers. According to defendants, such holding "necessarily precludes Plaintiff, as a matter of law, from re-litigating the issue of whether or not the Officers acted lawfully during Plaintiff's arrest." (Mot. to

5

1 Dism. at 8.)

2 The record is insufficiently developed for the Court to determine whether collateral 3 estoppel provides a basis for dismissal.  As discussed above, the record does not show whether 4 plaintiff was already restrained and fully compliant at the time that Officers Brown and Tong 5 allegedly used the taser and other acts of force.  If the alleged use of excessive force comprised a 6 separate chain of events, then the claims raised herein would not have been "actually litigated" and 7 "necessarily decided" in the prior preceding before Judge Johnson.  Zevnik, 159 Cal. App. 4th at 8 82.

9 Consequently, on this motion, the Court does not conclude that collateral estoppel bars 10 plaintiff's claims.

11 Accordingly, the motion to dismiss will be DENIED.

## II. Plaintiff's Motions

### A. Discovery Requests

Plaintiff has filed several documents regarding discovery:  a motion for an order to produce documents (Docket # 68), two motions for an order compelling discovery (Docket ## 67, 70), a notice of interrogatories to Officer Tong (Docket # 66), and an inquiry as to whether material that plaintiff subpoenaed from a defendant and a third party has been "returned to court" (Docket #65).  These filings reflect plaintiff's misunderstanding of the discovery process, as a party may not obtain discovery by simply telling the Court what he wants to learn and asking the Court to force someone else to provide the information.  The litigant must personally submit the requests to defense counsel or third parties in compliance with Federal Rules of Civil Procedure 26-36, and deal directly with defense counsel or the third parties.  The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy being sent to the Court.  See Fed. R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the Court until they are used in the proceeding or the Court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the Court to intervene in the

discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. See Fed. R. Civ. P. 37(a)(1); N.D. Cal. Local Rule 37. A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery.

The problem with plaintiff's discovery motions is that he has not followed the steps required of him by Federal Rule of Civil Procedure 37. The motion to produce documents and motion to compel are improper in that, even if he properly had served discovery requests, plaintiff did not take steps to attempt to resolve with defendants and/or third parties any disputes before seeking assistance from the Court.

Accordingly, plaintiff's discovery requests will be DENIED. The denial is without prejudice to plaintiff filing a motion to compel at some later date, but only after he has properly made discovery requests and has attempted to resolve any disagreements with opposing counsel before filing such a motion.

**B.      Pro Per Handbook**

On May 2, 2013, plaintiff sent the Court a letter requesting a copy of the Court's handbook titled "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants." Thereafter, court staff sent a copy of the handbook to the jail library where plaintiff is currently housed and instructed plaintiff to contact his jail librarian to access a copy of the handbook.

On July 7, 2013, plaintiff sent the Court another letter stating that he contacted Jail Prison Legal Service Staff, and they do not have the handbook. Accordingly, the Clerk will be directed to send plaintiff the handbook as set forth below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Defendants' motion to dismiss is hereby DENIED.

2.      Plaintiff's discovery requests are hereby DENIED.

7

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **ninety (90)** days from the date this order is filed, defendants shall file a motion for summary judgment. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

    b. Plaintiff's opposition to the summary judgment motion, if any, shall be filed with the Court and served upon defendants no later than **twenty-eight (28)** days from the date the motion is filed.

    c. Defendants **shall** file a reply brief no later than **fourteen (14)** days after the date the opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. The Clerk shall send plaintiff a copy of the handbook "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants." The Clerk is further directed to send plaintiff a copy of the docket in this action.

This order terminates Docket Nos. 34, 67, 68, and 70.

**IT IS SO ORDERED**.

Dated: September 4, 2013

_____
JON S. TIGAR
United States District Judge